**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 17, 2025**

# In the Court of Appeals of Georgia

A25A0667. MARTINEZ-GASPAR v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial, Guillermo Martinez-Gaspar was convicted of rape, OCGA § 16-6-1 (a) (1), and furnishing alcohol to a person under 21 years of age. OCGA § 3-3-23 (a) (1). The trial court sentenced him to serve 25 years in prison followed by life on probation. Martinez-Gaspar appeals the denial of his motion for new trial. He argues that the trial court erred in refusing to admit into evidence a statement the victim's mother made on the call to 911 and a statement included in a police report. But the statements are hearsay, and the trial court did not abuse his discretion in excluding them. So we affirm.

1. *Trial evidence*

The trial evidence showed that the victim, who was 18 years old at the time of the incident, lived with her parents. Martinez-Gaspar lived in the house next door. When they encountered each other outside, Martinez-Gaspar would offer the victim beer.

The day of the incident, the victim was at her house with a friend watching movies. Her parents were not home. She wanted a beer, so she knocked on the entrance to Martinez-Gaspar's residence and asked him for a beer. He invited her in. They each drank a beer, and then Martinez-Gaspar began touching the inside of the victim's thigh. She moved his hand, said "no," and said that she needed to get back to her friend. He pushed her onto the bed, forcibly pulled down her shorts and underwear, and penetrated her with his penis. She ran home, told her friend what had happened, and called her parents. Her mother called 911.

*2. 911 call*

Martinez-Gaspar argues that the trial court abused his discretion by prohibiting him from introducing a statement by the victim's mother in the recording of her call to 911 and from asking witnesses about it, because it was a prior inconsistent statement, not hearsay. See OCGA § 24-8-801 (d) (1) (A). We review that ruling for

abuse of discretion and find no such abuse. See *Thomas v. State*, 293 Ga. 829, 833 (4) (750 SE2d 297) (2013).

In his opening statement, defense counsel told the jury that when the victim's mother called 911 to report the crime, the mother stated that "I think she just jerked him off or something." That idea came up again when, on cross-examination, defense counsel asked the victim, "When you told your mom what happened, is it correct to say that you told her that you had just jerked him off?" The victim responded, "No." The idea came up a third time when defense counsel asked the responding law enforcement officer whether it was correct that the 911 dispatcher had informed the officer that "a sexual incident had happened and the alleged victim had just jerked off the defendant[?]" Before the officer answered, the state objected on the ground that the question depended on hearsay. The court sustained the objection.

At the beginning of the proceedings the next day, before the jury had entered the courtroom, the state raised the issue of defense counsel's references to the mother telling the 911 operator that she thought that the victim had "just jerked him off or something." The state asserted that these references misrepresented what the mother had said on the 911 call. According to the state, the mother actually said, "I think he

just jerked them off or something," referring to the victim's clothes. The state asked to play the recording of the 911 call for the court, and defense counsel agreed.

After the recording was twice played for the court, the state asked the court to instruct defense counsel not to refer to the victim jerking off the defendant again. Defense counsel responded that he should be allowed to play the recording for the jury, and that the jury should decide what the mother said. The court listened to the recording again and then concluded that the mother had said, "'He just jerked them off real quick"; that the victim had been wearing shorts; and that the jerking off reference was clearly a reference to clothing. The court instructed counsel not to refer to the victim jerking off the defendant again. Defense counsel moved for a mistrial, and the trial court denied the motion. The court revisited and reaffirmed the ruling later in the trial.

Martinez-Gaspar argues that the statement was admissible as a prior inconsistent statement that contradicted both the mother's testimony and the victim's testimony. See OCGA § 24-8-801 (d) (1) (A) ("An out-of-court statement shall not be hearsay if the declarant testifies at the trial or hearing, is subject to cross-examination concerning the statement, and the statement is admissible as a prior

inconsistent statement . . . ."). See also OCGA § 24-6-613 (b) (prior inconsistent statement). He adds that whether the statement was in fact inconsistent was an issue for the jury.

First we observe that Martinez-Gaspar has not shown that the statement was inconsistent with the mother's testimony, because the mother did not testify in court about the jerking off comment on the 911 call. See *Sinkfield v. State*, 318 Ga. 531, 545 (6) (a) (899 SE2d 103) (2024) ("extrinsic evidence of a prior inconsistent statement by a witness shall not be admissible unless the witness is first afforded an opportunity to explain or deny the prior inconsistent statement and the opposite party is afforded an opportunity to interrogate the witness on the prior inconsistent statement or the interests of justice otherwise require[,]" quoting OCGA § 24-6-613 (b)). Although the court had instructed counsel not to refer to the victim jerking off the defendant again, Martinez-Gaspar could have proffered what he believed the mother would have testified or could have asked to question the mother out of the presence of the jury in order to show that her in-court testimony would be inconsistent with her statement on the 911 call. See OCGA § 24-1-103 (b). "The burden is on the party alleging error to show it affirmatively by the record. This (c)ourt cannot determine the propriety of

5

the trial court's [rejection of Martinez-Gaspar's argument that the mother's in-court testimony would be inconsistent with her statement on the recorded 911 call] without a proffer of the excluded evidence or testimony." *Earwood v. State*, 350 Ga. App. 26, 32 (2) (827 SE2d 719) (2019) (citations and punctuation omitted). See also *Mohr v. State*, 370 Ga. App. 194, 198 (3) (896 SE2d 8) (2023).

Whether the statement was inconsistent with the victim's in-court testimony was a matter for the trial court to decide. "[T]he trial court . . . has a gatekeeping role under the 2013 Evidence Code in addressing preliminary questions about what evidence reaches the jury." *Gallegos-Munoz v. State*, 319 Ga. 803, 816 (2) (e) (906 SE2d 711) (2024). One aspect of that role is encompassed in OCGA § 24-1-104 ("Rule 104"), which "closely adheres to its federal counterpart. . . ." Ronald L. Carlson & Michael Scott Carlson, Carlson on Evidence 37 (8th ed. 2023). See *Gallegos-Munoz*, 319 Ga. at 816-817 (2) (e). See generally *State v. Almanza*, 304 Ga. 553, 556 (2) (820 SE2d 1) (2018).

Rule 104 (a) provides, "Preliminary questions concerning . . . the admissibility of evidence shall be determined by the court . . . . Preliminary questions shall be resolved by a preponderance of the evidence standard." "[S]ubsection (a) [of the

6

federal counterpart] governs questions concerning the competency of evidence, i.e., evidence which is relevant but may be subject to exclusion by virtue of some principle of the law of evidence, [such as the hearsay rule], leaving it for the judge to resolve factual issues in connection with these principles." *United States v. Sliker*, 751 F2d 477, 498 (IV) (C) (2d Cir. 1984). See *Rowell v. BellSouth Corp.*, 433 F3d 794, 800 (11th Cir. 2005) (under Federal Rule of Evidence 104, court would have to determine by a preponderance of the evidence a fact that could exempt a statement from the hearsay rule).

Under Rule 104 (a), the trial court had the authority to resolve the preliminary question of what the mother said on the 911 call, a necessary factual finding to determine whether the statement was exempt from the hearsay rule. The court found that the mother said on the call that the victim had reported that Martinez-Gaspar had jerked off her clothes, not that she had jerked off Martinez-Gaspar, which would have contradicted her trial testimony. The evidence authorized that finding. So the mother's statement on the 911 call was not admissible as a prior inconsistent statement, and the trial court did not abuse his discretion in excluding this evidence. See *Cruz v. State*, 347 Ga. App. 810, 816 (2) (821 SE2d 44) (2018) (under OCGA §

24-1-104 (a), trial court did not abuse his discretion in making a determination that the evidence was insufficient to authenticate a letter that the defendant sought to introduce as a prior inconsistent statement of the victim). See also *Tanker Mgmt. v. Brunson*, 918 F2d 1524, 1526 (A) (11th Cir. 1990) ("A trial judge has considerable discretion to determine whether a prior statement is inconsistent with a witness' trial testimony. We will not disturb such a ruling on appeal absent an abuse of that discretion.").

Given our holding, we do not address Martinez-Gaspar's argument that the trial court erred by finding that the evidence's "probative value [was] substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." OCGA § 24-4-403.

### 3. *Police report*

Martinez-Gaspar argues that the trial court erred by refusing to admit a police report, because the report falls into exceptions to the hearsay rule. He argues that he attempted to introduce the report to impeach the victim and to show inconsistencies in her descriptions of the incident. We hold that Martinez-Gaspar has not demonstrated harmful error.

First, we note that there is no report in our appellate record. Generally, we "cannot determine the propriety of the trial court's ruling without a proffer of the excluded evidence. Because [Martinez-Gaspar] never proffered the excluded police report[ ] at trial and the police report[ is] not in the appellate record, we presume that the trial court's evidentiary ruling was correct." *Elsayed v. Bakayoko*, 359 Ga. App. 282, 288 (4) (857 SE2d 270) (2021) (citation and punctuation omitted). See also *Durrence v. State*, 307 Ga. App. 817, 821 (2) (706 SE2d 180) (2011) ("This court cannot determine the propriety of the trial court's ruling without a proffer of the excluded evidence or testimony.") (citation and punctuation omitted).

Further, "[w]e will reverse a conviction for a trial court's evidentiary error only if it was harmful." *Sinkfield v. State*, 318 Ga. 531, 545 (6) (899 SE2d 103) (2024). Here, the victim was examined and cross-examined about the inconsistencies in her statements to police and her trial testimony. So we cannot say that any error in refusing to admit the police report was harmful, particularly when the police report is not in the record.

*Judgment affirmed. Hodges and Pipkin, JJ., concur.*